IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION



SAMQUINTON MCNEAL,

    Plaintiff,

v.

JOHN COLEMAN; JOHN JOEL; LARRY PERRY; JOHN LITTLE; JOHN DANIELS; JOHN HALL; and JOHN CHAPLIN, all in their individual and official capacities,

    Defendants.

CIVIL ACTION NO.: 5:19-cv-50

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action, as amended, asserting claims under 42 U.S.C. § 1983. Doc. 1, 4, 8. This Court has not yet conducted its frivolity screening under 28 U.S.C. § 1915A. Before the Court now are several Motions Plaintiff has filed. Docs. 25, 26, 29, 37, 39, 41, 42, 47, 53. As explained in more detail below, several of Plaintiff's Motions and filings concern Plaintiff's continued attempts to litigate claims this action on behalf of his former cellmate Christopher Conley. The Court has repeatedly informed Plaintiff that he cannot litigate claims in this action on behalf of another individual. Docs. 3, 10, 32. Nonetheless, Plaintiff continues to try to do so.[1] With this in mind, and for the reasons set forth below, the Court **ORDERS** as follows:

---

[1] Plaintiff may be confused about the Court's rulings prohibiting Plaintiff from litigating Mr. Conley's claims in this action. Plaintiff characterizes the Court's rulings as barring Mr. Conley's "inclusion" in this action. Plaintiff argues Mr. Conley's dismissal will "drastically hinder" or "undu[ly] burden" Plaintiff and will require Plaintiff to "reassess [his] claim." Doc. 26. at 2. To be clear, the Court's Orders state the Court will construe Plaintiff McNeal to be the sole Plaintiff in this action. Docs. 3, 10. To date, the Court has not made any ruling barring Mr. Conley from being called as a witness at trial or otherwise prohibiting Plaintiff from collecting or relying upon evidence or testimony from Mr. Conley. Further, Plaintiff suggests that the Court dismissed Mr. Conley with prejudice and that Mr.

1. Plaintiff's Motion for Relief from Order, doc. 25, and Motions for Joinder, docs. 26, 41, are **DENIED**.

2. Plaintiff's "Motion for Leave to File an Amended Objection/Reconsideration," doc. 37, is **GRANTED**. The Court **DIRECTS** the Clerk to create a separate docket entry for Plaintiff's Amended Objections, which are attached to this Motion, doc. 37 at 2–8.

3. Plaintiff's Motion to Compel Adjudication, doc. 39, is **GRANTED in part**, to the extent Plaintiff requests an extension of the time to file a second amended complaint. The Court **ORDERS** Plaintiff to file a superseding amended complaint within **21 days** of the date of this Order. The Court **DENIES as moot** the remainder of Plaintiff's Motion to Compel Adjudication. Id.

4. Plaintiff's Motion for Leave to Continue to Proceed *in Forma Pauperis*, doc. 53, is **GRANTED**. The Court **ORDERS** Plaintiff to pay 10% of the filing fee, or $35.00, within 30 days of this Order. Plaintiff shall pay the remaining balance on a monthly basis, in $35.00 installments, until the entire filing fee is paid.

5. Plaintiff's January 13, 2020 Motion for Leave to Continue to Proceed *in Forma Pauperis*, doc. 42, is **DENIED as moot.**

6. Plaintiff's "Motion to Correct Errors and Stay Proceedings Pending Review," doc. 47, is **DENIED as moot**.

7. Plaintiff's Motion for Waiver of PACER Fees, doc. 42, is **DENIED**.

Additionally, I **RECOMMEND** the Court **DENY as moot** Plaintiff's "Order to Show Cause for an [sic] Preliminary Injunction and a Temporary Restraining Order." Doc. 29.

## BACKGROUND

Plaintiff, who brought this action while incarcerated but has since been released, submitted a 42 U.S.C. § 1983 Complaint regarding certain conditions of his confinement while incarcerated at Ware State Prison in Waycross, Georgia. Doc. 1. From the outset of this litigation, Plaintiff has attempted to litigate the claims of another inmate, Christopher Conley, as

---

Conley is "bar[red]" from asserting claims relating to the events described in Plaintiff's Complaint. Doc. 25 at 4. The Court has not issued any order in the instant action dismissing Mr. Conley's claims with prejudice. Mr. Conley may initiate and pursue a separate suit if he chooses to do so. The Court expresses no view on the viability or merits of such a suit.

a named Plaintiff in this case. The Court has repeatedly rejected Plaintiff's efforts to litigate Mr. Conley's claims and has made it clear to Plaintiff that he is the only Plaintiff in this action. Docs. 3, 10, 32. Further, the Court denied as moot any motion for leave to proceed *in forma pauperis* Plaintiff filed on behalf of another person and directed the Clerk of Court to reject and return any future filings Plaintiff attempted to submit in this case on behalf of anyone other than himself. Docs. 10, 32. Plaintiff appealed the Court's Order denying his request to litigate claims on Mr. Conley's behalf to the Eleventh Circuit Court of Appeals. Docs. 18, 19. The Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction. Doc. 28.

Plaintiff has now filed a number of Motions, several of which continue to ask for the Court to allow Plaintiff to litigate Mr. Conley's claims in this action. Plaintiff also asks the Court to order preliminary injunctive relief, allow him to continue to proceed in an *in forma pauperis* status, and allow him additional time to file an amended complaint. The Court addresses these various Motions in turn.

## DISCUSSION

### I. Motion for Relief from Order, Doc. 25

Plaintiff filed a Motion for Relief from Order, doc. 25, in which he argues he should be relieved of the Court's July 2, 2019 Order, doc. 10. In the July 2, 2019 Order, the Court granted Plaintiff leave to proceed *in forma pauperis* while reiterating that Plaintiff could not bring this action on behalf of another inmate. Id. at 1. In his Motion, Plaintiff seeks relief from the July 2, 2019 Order, arguing the Court erred in dismissing Christopher Conley (the inmate Plaintiff sought to add as a named Plaintiff in this action) as a co-plaintiff. Doc. 25 at 2–7. Plaintiff has not established any basis for relief under Federal Rule of Civil Procedure 60(b). The Court's non-inclusion of Christopher Conley as a Plaintiff in this suit is based upon the well-established

3

legal principle of standing and restrictions on inmates representing others in litigation. See, e.g., Bowens v. Turner Guilford Knight Det., 510 F. App'x 863, 864 (11th Cir. 2013). Accordingly, the Court **DENIES** Plaintiff's Motion for Relief from Order. Doc. 25.

## II.   Motions for Joinder, Docs. 26, 41

Plaintiff has filed a Motion for Joinder and a Renewed Motion for Joinder which both seek to join Christopher Conley as a party to this action under Federal Rule of Civil Procedure 19, or in the alternative, Federal Rule of Civil Procedure 20. Docs. 26, 41. Under Rule 19(a), a Court must first decide whether an absent party is required in the case. Int'l Imps., Inc. v. Int'l Spirits & Wines, LLC, No. 10-61856-CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011) (citing Molinos Valle Del Cibao v. Lama, 633 F.3d 1330, 1344 (11th Cir. 2011)). If a court determines that an absent party does satisfy the Rule 19(a) criteria—that the party is a required party—the court must order that party joined if its joinder is feasible. See Fed. R. Civ. P. 19(a)(2); Collegiate Licensing Co. v. Am. Cas. Co. of Reading, 842 F. Supp. 2d 1360, 1365–66 (N.D. Ga. 2012). If the absent party is not required, the litigation continues as is. See, e.g., Developers Sur. & Indem. Co. v. Harding Vill., Ltd., No. 06-21267-CIV, 2007 WL 465519, at *2 (S.D. Fla. Feb. 9, 2007). "A party is not necessary simply because joinder would be convenient, or because two claims share common facts." Southern. Co. Energy Mktg., L.P. v. Va. Elec. & Power Co., 190 F.R.D. 182, 185 (E.D. Va. 1999). Rather, an absent party is considered necessary if: (1) in its absence, the court cannot accord complete relief among the existing parties to the action; (2) the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (3) due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action. Fed.

4

R. Civ. P. 19(a)(1); see also City of Marietta v. CSX Transp. Inc., 196 F.3d 1300, 1305 (11th Cir. 1999) ("[Under Rule 19] [t]he first question is whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations.").

In his underlying action, Plaintiff alleges prison officials discriminated against him and also failed to provide inadequate medical care. Doc. 1-1 at 4–7. Plaintiff alleges Christopher Conley was his cellmate at the time Plaintiff's claims arose and that Mr. Conley experienced similar hardships. Id. First, Mr. Conley is not a person without whom "the court cannot accord complete relief among existing parties" under Rule 19(a)(1)(A). See Winn-Dixie Stores, Inc., v. Dolgencorp, LLC, 746 F.3d 1008, 1039–40 (11th Cir. 2014) (finding a court could provide complete relief where existing defendants were capable of providing all legal and equitable relief sought by the plaintiff). Second, under Rule 19(a)(1)(B), Mr. Conley is not a necessary party because he has not affirmatively claimed an interest in the action. Lacroix v. Lee County, No. 2:18-cv-143, 2018 WL 3629021, at *2 (M.D. Fla. Jul. 30, 2018). Further, he does not have the type of interest which requires joinder under Rule 19(a)(1)(B).

To the extent Plaintiff seeks to join Mr. Conley as a Plaintiff under Federal Rule of Civil Procedure 20, doc. 26 at 3, the Court denies this request because, under the Prison Litigation Reform Act of 1995, each prisoner proceeding *in forma pauperis* must pay the full filing fee, and, therefore, must bring separate civil actions, notwithstanding any permissive joinder under Rule 20. Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001). Accordingly, the Court **DENIES** Plaintiff's Motions for Joinder. Docs. 26, 41.

### III. Motion for Leave to File Amended Objection, Doc. 37

Plaintiff filed a Motion for Leave to file an Amended Objection/Reconsideration. Doc. 37. Plaintiff objected to certain Orders in which the Court determined Plaintiff could not bring claims on behalf of Mr. Conley. Doc. 17 (objecting to Docs. 3, 10). Plaintiff seeks to amend his prior Objection because some of the arguments made in it were incorrect or "frivolous." Doc. 37. The Court **GRANTS** Plaintiff's Motion and **DIRECTS** the Clerk of Court to create a separate docket entry for Plaintiff's Amended Objections, which are attached to his Motion. See Doc. 37 at 2–9. Plaintiff's Objections remain pending before the Court.

### IV. Motion to Compel Adjudication, Doc. 39

Plaintiff also filed what is titled a "Motion to Compel Appointed Judge, to Make a[n] Adjudication on All Foregoing Motion Request[s]." Doc. 39. In this Motion, Plaintiff asks for additional time to file an amended complaint. Id. at 1–2. Plaintiff filed his original Complaint on June 10, 2019. Doc. 1. On June 17, 2019, the Court directed Plaintiff to resubmit his Complaint on the Court's preferred form for pro se prisoner plaintiffs. Doc. 3. On June 26, 2019, Plaintiff filed a motion for leave to file a supplemental complaint, doc. 7, along with a proposed supplemental complaint, doc. 4. Only July 1, 2019, Plaintiff filed an Amended Complaint on the Court's preferred form for pro se prisoner-plaintiffs. Doc. 8. On July 24, 2019, Plaintiff filed another motion for leave to file an amended complaint. Doc. 13. On September 20, 2019, the Court granted Plaintiff's motions to amend his complaint and supplement his complaint, giving Plaintiff 30 days from the date of the Court's Order to file a second amended complaint. Doc. 23. In that Order, the Court informed Plaintiff his amended complaint would become the operative complaint in this case upon filing. Id. at 1–2. On October 25, 2019, Plaintiff filed a motion for extension of time, asking the Court to extend the

6

deadline for him to file his second amended complaint. Doc. 31. The Court granted Plaintiff's motion, allowing Plaintiff to file a second amended complaint on or before December 30, 2019. Doc. 34. On December 26, 2019, Plaintiff filed the instant Motion requesting an additional extension of the deadline to file an amended complaint.[2] Doc. 39 at 1–2. The extended deadline Plaintiff sought has passed, and Plaintiff has yet to file his superseding amended complaint. The Court **GRANTS in part** Plaintiff's Motion and **ORDERS** Plaintiff to file a superseding amended complaint within **21 days** of the date of this Order. Plaintiff is reminded that this complaint will supersede all prior complaints and will be the operative complaint. The Court will not grant Plaintiff additional time to file his amended complaint absent a showing of good cause. Failure to file an amended complaint within this time period may result in dismissal of Plaintiff's claims.

The Court **DENIES as moot** the remaining portion of Plaintiff's Motion—requesting that the Court ruling on his pending Motions—due to the issuance of this Order.

V.     **Motions for Leave to Continue to Proceed** *in Forma Pauperis,* **Docs. 42, 53**

Plaintiff filed a Motion for Leave to Continue to Proceed *in Forma Pauperis* and a Motion for Leave to Proceed *in Forma Pauperis*, docs. 42, 53. The Court granted Plaintiff leave to proceed *in forma pauperis* on July 2, 2019. Doc. 10. Plaintiff was released from incarceration on January 1, 2020, doc. 44 at 2, and now requests that he be allowed to continue to pursue this action *in forma pauperis*. Docs. 42, 53. Plaintiff filed his February 4, 2020 Motion, doc. 53, in response to the Court's January 16, 2020 Order, doc. 49. Upon review, the Court finds Plaintiff

---

[2] It appears there is some confusion regarding Plaintiff's request to submit another amended complaint. Plaintiff asserts he did not request to file a second amended complaint and intended for his proposed Supplemental Complaint, doc. 4, to serve as his operative complaint. Doc. 39 at 1. Plaintiff maintains that his July 24, 2019 motion to amend was a request to amend the docket and should not have been construed as a request to file an amended complaint. Id. In any case, in the instant motion, Plaintiff plainly asks for more time to file an additional amended complaint. Id.

cannot pay the $350.00 filing fee in full and **GRANTS** Plaintiff's Motion.  Doc. 53.  The Court **ORDERS** Plaintiff to pay 10% of the filing fee, or $35.00, within 30 days of this Order.  Plaintiff shall pay the remaining balance on a monthly basis, in $35.00 installments, until the entire filing fee is paid.  The Court advises Plaintiff he may pay more toward his fee and earlier than is required.  The Court also advises Plaintiff his failure to comply with this Order may result in the dismissal of his cause of action.  The Court **DENIES as moot** Plaintiff's January 13, 2020 Motion for Leave to Continue to Proceed *in Forma Pauperis*.  Doc. 42.

### VI. Motion to Correct Errors and Stay Proceedings, Doc. 47

Plaintiff also filed a Motion to Correct Errors and Stay Proceedings Pending Review.  Doc. 47.  This Motion appears to be an effort by Plaintiff to initiate or litigate an appeal to the Eleventh Circuit Court of Appeals.  See id. (captioned as a filing in the Eleventh Circuit Court of Appeals).  Plaintiff attempted to file this Motion in the Eleventh Circuit, but the document was re-directed to this Court.  Doc. 47-1.  Regardless, Plaintiff filed a notice of appeal in this case on the same day he filed this Motion, doc. 45, and Plaintiff may pursue his appeal as he deems fit.  Doc. 45.  Accordingly, Plaintiff's Motion to Correct Errors and Stay Proceedings, doc. 47, is **DENIED as moot** in this action.

### VII. "Order to Show Cause for an [sic] Preliminary Injunction and Temporary Restraining Order," Doc. 29

Plaintiff also filed a document titled " Motion for Order to Show Cause for an [sic] Preliminary Injunction and Temporary Restraining Order." Doc. 29.  In the filing, Plaintiff seeks a preliminary injunction or temporary restraining order, enjoining Defendants from: denying Plaintiff proper housing; denying Plaintiff adequate food and water; denying Plaintiff adequate medical care; and threatening or harassing Plaintiff.  Id. at 7–8.  Plaintiff asks for an injunction to relieve certain conditions of his confinement and seeks to enjoin Defendants in their roles as

prison officials. Id. at 3–8. However, Plaintiff has been released from custody. Doc. 44 at 2. The general rule in the Eleventh Circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive relief. Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007); Zatler v. Wainwright, 802 F.2d 397, 299 (11th Cir. 1986). Injunctive relief is a "prospective remedy, intended to prevent future injuries." Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997). Thus, when a prisoner is released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained, but no longer suffers. Smith, 502 F.3d at 1267. Accordingly, I **RECOMMEND** the Court **DENY as moot** Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. Doc. 29.

**VIII. Waiver of PACER Fees, Doc. 42**

Plaintiff filed a Motion for Exemption of PACER fees, arguing he is indigent and his PACER fees must be waived to "avoid unreasonable burdens and to promote public access to information." Doc. 42 at 1. Plaintiff has not made a showing that his PACER fees should be waived. Exemptions from PACER fees are uncommon, and *in forma pauperis* status alone does not support a request to waive PACER fees. Katumbusi v. Gary, No. 2:14-cv-1534, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014). Plaintiff will receive a copy of all orders and filed documents via mail. Further, if Plaintiff chooses to access court records through PACER, the fee is a $0.10 per page retrieved, and the charge for any single document has a cap of $3.00 which is equivalent to 30 pages. In light of these procedures, which provide reasonable access, Plaintiff has not justified the waiver of PACER fees. Accordingly, the Court **DENIES** Plaintiff's Motion for Waiver of PACER fees. Doc. 42.

**CONCLUSION**

For the reasons set forth above, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Relief from Order, doc. 25, and Motions for Joinder, docs. 26, 41, are **DENIED**.

2. Plaintiff's "Motion for Leave to File an Amended Objection/Reconsideration," doc. 37, is **GRANTED**. The Court **DIRECTS** the Clerk to create a separate docket entry for Plaintiff's Amended Objections, which are attached to this Motion, doc. 37 at 2–8.

3. Plaintiff's Motion to Compel Adjudication, doc. 39, is **GRANTED in part**, to the extent Plaintiff requests an extension of the time to file a second amended complaint. The Court **ORDERS** Plaintiff to file a superseding amended complaint within **21 days** of the date of this Order. The Court **DENIES as moot** the remainder of Plaintiff's Motion to Compel Adjudication. Id.

4. Plaintiff's Motion for Leave to Continue to Proceed *in Forma Pauperis*, doc. 53, is **GRANTED**. The Court **ORDERS** Plaintiff to pay 10% of the filing fee, or $35.00, within 30 days of this Order. Plaintiff shall pay the remaining balance on a monthly basis, in $35.00 installments, until the entire filing fee is paid.

5. Plaintiff's January 13, 2020 Motion for Leave to Continue to Proceed *in Forma Pauperis*, doc. 42, is **DENIED as moot.**

6. Plaintiff's "Motion to Correct Errors and Stay Proceedings Pending Review," doc. 47, is **DENIED as moot**.

7. Plaintiff's Motion for Waiver of PACER Fees, doc. 42, is **DENIED**.

Additionally, I **RECOMMEND** the Court **DENY as moot** Plaintiff's "Order to Show Cause for an [sic] Preliminary Injunction and a Temporary Restraining Order." Doc. 29.

The Court instructs any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

10

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 12th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA