FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 12:57 pm, Aug 18, 2020

# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| SAMQUINTON MCNEAL, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:19-cv-50 |
| | * | |
| | * | |
| v. | * | |
| | * | |
| JOHN COLEMAN; JOHN JOEL; LARRY PERRY; JOHN LITTLE; JOHN DANIELS; JOHN HALL; and JOHN CHAPLIN, all in their individual and official capacities, | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

## ORDER

This matter is before the Court on Plaintiff's Amended Objections to the Magistrate Judge's Orders dated June 17, 2019 and July 2, 2019.  Dkt. No. 56.  Plaintiff objects to the Magistrate Judge's conclusion that only Plaintiff can proceed *in forma pauperis* in this cause of action, as the Court should have liberally construed the Complaint to determine that Plaintiff and another inmate should have both been granted leave to proceed *in forma pauperis*.  Id. at p. 2.  Plaintiff also objects to the Magistrate Judge's ruling that he may not proceed on behalf of Christopher Conley.  Id. at p. 5.

AO 72A
(Rev. 8/82)

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

Plaintiff fails to show the Magistrate Judge's Order deferring ruling on his motion for leave to proceed *in forma pauperis* and the Order granting only Plaintiff *in forma pauperis* status in this case are contrary to law or clearly erroneous. Dkt. No. 3, p. 1 n.1; Dkt. No. 10, p. 1 n.1. Plaintiff cannot litigate on behalf of others. In addition, the Magistrate Judge correctly directed the Clerk of Court to reject and return any filings Plaintiff attempts to make on behalf of anyone other than himself. Dkt. No. 10, p. 1 n.1. Plaintiff simply cannot litigate on behalf of others, only himself. Thus, the Court **OVERRULES** Plaintiff's Objections. The Court's Orders remain the rulings of the Court. Dkt. Nos. 3, 10.

SO ORDERED, this ___17___ day of ___August___, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2