FILED
John E. Triplett, Acting Clerk
United States District Court
By casbell at 1:00 pm, Aug 18, 2020

# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

SAMQUINTON MCNEAL,                          *
                                            *
      Plaintiff,                  *         CIVIL ACTION NO.: 5:19-cv-50
                                            *
                                            *
    v.                                  *
                                            *
JOHN COLEMAN; JOHN JOEL; LARRY              *
PERRY; JOHN LITTLE; JOHN DANIELS;           *
JOHN HALL; and JOHN CHAPLIN, all in         *
their individual and official capacities,   *
                                            *
      Defendants.                 *

## O R D E R

Presently before the Court is Plaintiff's Motion for Reconsideration of the Court's January 17, 2020 Order denying him leave to appeal *in forma pauperis*. Dkt. No. 52. For the reasons stated below, the Court **DENIES** Plaintiff's Motion for Reconsideration.

Plaintiff filed a notice of appeal in this case, ostensibly seeking to appeal various Orders that denied his requests to join Christopher Conley as a plaintiff in this case and his requests for class certification. Dkt. No. 45. Plaintiff also moved separately for leave to pursue that appeal *in forma pauperis*. Dkt. No. 46. The Court denied Plaintiff leave to

appeal *in forma pauperis*, because Plaintiff raised no non-frivolous issues to bring on appeal, and such an appeal would not be taken in good faith. Dkt. No. 50, p. 2. Plaintiff now moves for reconsideration of the Court's denial of his leave to appeal *in forma pauperis*. Dkt. No. 52.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs, 626 F.3d at 1344 (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

Plaintiff does not argue there has been newly discovered evidence. Dkt. No. 52. Rather, he argues the Court's prior

Order was erroneous because he has meritorious arguments to raise on appeal.  Id. at p. 4.

Plaintiff has not demonstrated any basis for reconsideration, and, specifically, has not shown that there are any non-frivolous grounds that he intends to raise on appeal. Plaintiff's request for class certification was denied based on well-established law.  Dkt. No. 23, p. 2 (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a pro se prisoner may not litigate the interests of other prisoners in class action)).  Plaintiff's requests to join Mr. Conley as a plaintiff in this matter were also properly denied. Joinder under Federal Rule of Civil Procedure 19 is not appropriate because Mr. Conley is not a necessary party without whom "the court cannot accord complete relief among existing parties."  See Winn-Dixie Stores, Inc., v. Dolgencorp, LLC, 746 F.3d 1008, 1039-40 (11th Cir. 2014) (finding a court could provide complete relief where existing defendants were capable of providing all legal and equitable relief sought by the plaintiff).  Further, Mr. Conley is not a necessary party because he has not affirmatively claimed an interest in the action, nor does he have the type of protectable interest that requires joinder.  Lacroix v. Lee County, No. 2:18-cv-143, 2018 WL 3629021, at *2 (M.D. Fla. Jul. 30, 2018).  Similarly, Plaintiff may not join Mr. Conley under Federal Rule of Civil

AO 72A
(Rev. 8/82)

Procedure 20, because, under the Prison Litigation Reform Act of 1995, each prisoner proceeding *in forma pauperis* must pay the full filing fee, and, therefore, must bring separate civil actions, notwithstanding any permissive joinder under Rule 20. Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001).

Reconsideration of a previous order "is an extraordinary remedy to be employed sparingly." Groover v. Michelin North America, Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). In his current Motion, Plaintiff simply expresses disagreement with this Court's refusal to allow Plaintiff to proceed on behalf of another. Here, Plaintiff has shown no clear error of law. Thus, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's Order of January 17, 2020 remains the Order of the Court. Dkt. No. 50.

SO **ORDERED**, this ___17___ day of ___August___, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)