

FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 8:45 am, Dec 01, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

SAMQUINTON MCNEAL,

    Plaintiff,

v.

JOHN COLEMAN, et al.,

    Defendants.

CIVIL ACTION NO.: 5:19-cv-50

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a previous inmate at Ware State Prison, filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons discussed below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint without prejudice. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

On August 12, 2020, this Court granted Plaintiff's motion for leave to continue to proceed *in forma pauperis* and ordered Plaintiff to pay 10% of the filing fee, or $35.00, within 30 days. Doc. 55 at 2, 7–8. The Court directed Plaintiff to pay the remaining balance on a monthly basis, in $35.00 installments, until the entire filing fee is paid. Id. The Court warned Plaintiff "his failure to comply with this Order may result in the dismissal of his cause of action." Id. at 8. To date, Plaintiff has not paid any portion of the filing fee.

**DISCUSSION**

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**I.      Dismissal for Failure to Follow a Court Order**

Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.  Foudy v. Indian River Cnty. Sheriff's Office, 845 F.3d 1117, 1126 (11th Cir. 2017).  Federal Rule of Civil Procedure 16(f)(1)(C) states the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling order or other pretrial order."  Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), the court can dismiss a case for noncompliance with a court order.  Additionally, Federal Rule of Civil Procedure 41(b) authorizes dismissal when a plaintiff fails to comply with a court order.

Because Plaintiff has failed to comply with this Court's August 12, 2020 Order, his Complaint should be dismissed.  Plaintiff is no longer incarcerated.  Thus, Plaintiff is responsible for delivering his own filing fees to the Court.  See Walker v. Powell, 351 F. App'x 384, 386 (11th Cir. 2009) (affirming a district court's dismissal of a prisoner's complaint for failure to pay a filing fee because plaintiff's compliance with court order was within his own control).

For these reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint without prejudice.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint for failure to follow this Court's Order and **DIRECT** the Clerk of Court to

**CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of December, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA